**In the Matter of Paul R. HARPER, Jr., Respondent.**

**No. 49S00–0606–DI–225.**

Supreme Court of Indiana.

Oct. 30, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** *Count I.* In November 2004, Respondent was hired and paid $2000 to represent a client on criminal charges, but he rendered no services, did not respond to attempts to contact him, and made no refund to the client.

*Count II.* In January 2004, a client paid Respondent $500 to defend him in small claims court. Respondent neglected the case and failed to respond to the client's numerous attempts to contact him. A default judgment and garnishment order were entered against the client.

*Count III.* On June 6, 2003, Respondent pled guilty to a charge of operating a vehicle while intoxicated ("OWI"). Respondent did not notify the Commission of this finding of guilt.

*Count IV.* On January 25, 2005, Respondent pled guilty to OWI as a Class D felony. The court entered an alternative Class A misdemeanor conviction. Respondent did not notify the Commission of this finding of guilt. As a result, this Court entered an order of interim suspension effective August 18, 2006. See Ind. Admission and Discipline Rule 23(11.1)(a).

*Count V.* On June 11, 2006, Respondent was arrested and charged with OWI as a Class D felony, OWI as a Class A misdemeanor, and public intoxication, a Class B misdemeanor.

*Count VI.* On June 28, 2006, Respondent was arrested and charged with public intoxication, a Class B misdemeanor.

*Other facts.* Respondent has addressed an apparent substance abuse problem by: (1) completing a 14–day inpatient treatment program on October 19, 2006; (2) completing an intensive outpatient program on August 9, 2007; and (3) entering into a monitoring agreement with the Judges and Lawyers Assistance Program on August 1, 2007, and complying with the agreement.

**Violations:** The parties agree that Respondent violated the following Indiana Professional Conduct Rules prohibiting the following conduct:

    1.2(a): Failure to abide by a client's decisions concerning the objectives of representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and promptly respond to reasonable requests for information.

1.16(d): Failure to return unearned fee and to protect a client's interests upon termination of representation.

8.4(b): Committing criminal acts that reflect adversely on honesty, trustworthiness, or fitness as a lawyer.

Respondent also violated Indiana Admission and Discipline Rule 23(11.1)(a)(2) by his failure to transmit certified copies of guilty findings to the Commission within ten days of the findings.

**Discipline:** The parties agree the appropriate sanction is twelve months of active suspension without automatic reinstatement, retroactive to August 18, 2006 (the effective date of his interim suspension). The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than twelve months, beginning August 18, 2006. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent remains suspended, but he may petition this Court for reinstatement to the practice of law in this state, provided he pays the costs of this proceeding, fulfills his duties as a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). The costs of this proceeding are assessed against Respondent.

With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.